**Connie MARSHALL, Plaintiff–Appellant,**

v.

**Jerry BOWLES, Judge, Jefferson Family Court—Div # 6, Defendant–Appellee.**

No. 03–5818.

United States Court of Appeals, Sixth Circuit.

March 15, 2004.

Connie Marshall, Louisville, KY, for Plaintiff–Appellant.

D. Brent Irvin, Asst. Atty. General, Office of the Attorney General, Frankfort, KY, for Defendant–Appellee.

Before: BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and ALDRICH, District Judge.*

## ORDER

Connie Marshall, proceeding pro se, appeals a district court judgment dismissing her complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking custody of her grandchildren, other injunctive relief, and monetary damages, Marshall filed suit against a Kentucky domestic relations judge, Judge Jerry Bowles, on February 4, 2003. Marshall asserted that Judge Bowles violated her constitutional rights, including her rights to due process and freedom of speech, by: 1) denying her access to a case file; 2) issuing a gag order that stopped her cable show; 3) failing to rule on a motion for an enlargement of time; 4) denying her access to a hearing; and 5) issuing fraudulent orders. Marshall thereafter filed a motion for a default judgment. Judge Bowles responded by filing a motion to

dismiss, raising an assortment of defenses. Upon review, the district court dismissed the case on May 8, 2003, on the basis of res judicata, absolute judicial immunity, the Federal Courts Improvement Act of 1996, and the *Rooker–Feldman* doctrine. The district court denied all other pending motions as moot.

In her timely appeal, Marshall reasserts her claims and contends that the district court erred by denying her motion for a default judgment.

█ Upon de novo review, we conclude that the district court lacked subject matter jurisdiction, *see* Fed.R.Civ.P. 12(b)(1); *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990), because Marshall's claims are barred by the *Rooker–Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). A fair reading of the complaint reveals that Marshall's federal case is an impermissible appeal of state court judgments as it raises specific grievances regarding decisions of a Kentucky domestic relations court. Thus, the district court lacked jurisdiction over any challenge Marshall is making to the legal proceedings held in Judge Bowles's court.

█ Even if subject matter jurisdiction had existed, the complaint was still subject to dismissal because Judge Bowles is entitled to judicial immunity. A judge performing judicial functions is absolutely

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity is available even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction. *Id.* at 11. However, a judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11–12. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir.1985). All of the alleged acts by Judge Bowles are judicial functions exercised under proper jurisdictional authority and thus Judge Bowles is entitled to absolute judicial immunity.

We also conclude that the district court did not abuse its discretion by denying Marshall's motion for a default judgment based on Judge Bowles's untimely filing of an answer due to the complaint getting misplaced in the courthouse mail system. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986). Marshall failed to allege that she suffered any prejudice from the delay in the filing of the answer, her claims lacked merit, her complaint was vague, and the amount of money at stake, $300,000, was substantial.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.